# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-920V
UNPUBLISHED

| | |
|---|---|
| AMY LALLA,<br><br>                        Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                        Respondent. | Chief Special Master Corcoran<br><br>Filed: September 1, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Cynthia Manchester*, Levene Gouldin & Thompson, LLC, Vestal, NY, for Petitioner.

*Tyler King*, U.S. Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

On February 11, 2021, Amy Lallla filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration (SIRVA) resulting from an influenza (flu) vaccination she received on October 29, 2019. Petition at 1. Petitioner further alleges that the vaccination was administered within the United States, her symptoms persisted for more than six months, and neither she, nor any other party, has ever received compensation in the form of an award or settlement for her vaccine-related injury. Petition at 1, 4-5. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On August 18, 2022, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Respondent found that "[P]etitioner has satisfied the criteria set forth in the Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation for a flu Table SIRVA." *Id.* at 4. Specifically, Respondent determined that "petitioner had no history of pain or dysfunction in her left shoulder prior to receiving the flu vaccine; pain occurred within 48 hours after receipt of an intramuscular vaccination; the pain and reduced range of motion were limited to the shoulder in which the vaccine was administered; and no other condition or abnormality would explain petitioner's symptoms. In addition, given the medical records outlined above, the statutory six-month sequelae requirement has been satisfied." *Id.* Respondent further agrees that that the scope of damages to be awarded is limited to Petitioner's left SIRVA and its related sequelae only. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master