# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-920V

|  |  |
|---|---|
| AMY LALLA,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: September 18, 2023 |

*Cynthia Manchester*, Levene Gouldin & Thompson, LLC, Vestal, NY, for Petitioner.

*Tyler King*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On February 11, 2021, Amy Lalla filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration resulting from an influenza vaccination she received on October 29, 2019. Petition, ECF No. 1. On January 19, 2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 28.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $24,122.95 (representing $23,402.75 in attorney's fees and $720.20 in costs). Petitioner's Application for Attorney's Fees and Costs ("Motion") filed July 7, 2023, ECF No. 34. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id*. at 5.

Respondent reacted to the motion on July 7, 2023, indicating that he is satisfied that the statutory requirements for an award of fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 35. On July 10, 2023, Petitioner filed a reply to Respondent's Response indicating that Petitioner does not intend to file a substantive reply thereto. ECF No. 36.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1.

2

Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests the following rates for attorney Cynthia Manchester: $375 per hour for time billed in the 2020-21 timeframe, and $395 per hour for all time billed in 2022-23. ECF No. 34-1 at 3. Ms. Manchester has been a licensed attorney since 1992 (ECF No. 34-1), placing her in the range of attorneys with twenty to thirty years' experience for time billed in 2020-21, and for time billed in 2022-23 in the rage of attorneys with 31 years' experience, based on the OSM Attorneys' Hourly Rate Fee Schedules.[3] Although the requested rates are within the appropriate experience ranges, however, Ms. Manchester does not have demonstrated Vaccine Act experience, with this matter being her first Program case. It is therefore improper for Ms. Manchester to receive rates established for comparably experienced counsel who *also* have lengthy experience in the Program. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Accordingly, I find it reasonable to compensate Ms. Manchester at the lesser rate of **$350 per hour for all time billed in the 2020-23 timeframe**. This reduces the amount of fees to be awarded by **$1,965.25**.[4] Ms. Manchester will be entitled to rate increases in the future (for coming years), however, as she demonstrates more experience in Vaccine Program cases. Otherwise, all time billed to the matter was reasonably-generated and will be awarded.

## ATTORNEY COSTS

Petitioner requests $720.20 in overall costs. ECF No. 34-2. This amount is comprised of obtaining medical records, shipping costs and the Court's filing fee. I have

---

[3] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at http://www.cofc.uscourts.gov/node/2914.

[4] This amount consists of ($395 - $350 = $45 x 21.70 hrs = $976.50) + ($375 - $350 = $25 x 39.55 hrs = $988.75) = $1,965.25.

reviewed all of the requested costs and find them to be reasonable and shall award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$22,157.70 (representing $21,437.50 in attorney's fees and $720.20 in attorney's costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Levene Gouldin & Thompson, LLP.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.